# RONALD DENNIS CRAFTON v. STATE OF TENNESSEE

### Direct Appeal from the Circuit Court for Henry County
### No. 11798   C. Creed McGinley, Judge

---

### No. W2005-01108-CCA-R3-PC  - Filed January 25, 2006

---

The Petitioner, Ronald Dennis Crafton, appeals the trial court's denial of his motion to reopen his petition for post-conviction petition.  The State has filed a motion requesting that this Court dismiss the above-captioned appeal, or in the alternative, affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because Petitioner has failed to properly invoke this Court's jurisdiction, the above-captioned appeal is dismissed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS AND ALAN E. GLENN, JJ.  joined.

Ronald Dennis Crafton, pro se.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

On November 7, 1991, the Petitioner, Ronald Dennis Crafton, was convicted of two counts of rape, class B felonies.  *See Ronald Crafton v. Jay Dukes*, No. W2001-00320-CCA-R3-CO, 2001 WL 1042120, *1 (Tenn. Crim. App., at Jackson, Sept. 6, 2001).  After his conviction, while out on bond awaiting sentencing, Petitioner Crafton left the state.  *Id.*  He was subsequently sentenced *in absentia* to twelve years on each count with the sentences to be served consecutively for an effective sentence of twenty-four years.  *Id.*  On April 26, 1994, he was transported from Indiana, where he

was incarcerated, back to Tennessee to begin service of his Tennessee sentences. *Id.* The Petitioner filed a petition for post-conviction relief on November 20, 1996, which was dismissed by the trial court as time-barred. On December 14, 2000, he filed a petition for habeas corpus relief, which was also denied. *Id.*

On January 19, 2005, the Petitioner filed a motion to reopen his post-conviction petition in the Henry County Circuit Court. As basis for the motion, the Petitioner made various allegations regarding the ineffectiveness of trial counsel, including that his trial attorney failed to present newly discovered scientific evidence, *i.e.*, the victim's recanted testimony, establishing that he is actually innocent of the offenses for which he was convicted. By order entered May 3, 2005, the trial court dismissed the motion, finding that the Petitioner had failed to assert a colorable claim. On May 10, 2005, the Petitioner filed a "Notice of Appeal" with the clerk of the Henry County Circuit Clerk.

On appeal to this Court, the State seeks summary affirmance of the lower court's denial, or, in the alternative, argues that this Court is without jurisdiction to entertain the above-captioned appeal as Petitioner failed to properly perfect an application for permission to appeal. In response to the State's motion, the Petitioner asserts that due process tolls the time-period for filing a petition for post-conviction relief and permits review of his claims.

In seeking review of the trial court's denial of a motion to reopen, a petitioner shall file, within ten days of the lower court's ruling, an application *in the Court of Criminal Appeals* seeking permission to appeal. *See* T.C.A. § 40-30-117(c)(2003) (emphasis added); Tenn. Sup. Ct. R. 28 § 10(b). *The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion.* T.C.A. § 40-30-117(c)(emphasis added); s*ee also* Tenn. Sup. Ct. R. 28 § 10(b). In the present case, Petitioner has failed to comply with the statutory requirements for seeking appellate review. Although timely filed, Petitioner filed his application in the wrong court and Petitioner failed to attach to his notice of appeal the documents filed by the parties in the trial court and the order of the trial court denying the motion. Moreover, nothing in the notice of appeal document reflects the nature of the grounds that he alleged in his motion to reopen his post-conviction petition. Relevant information, including the challenged order, is before this Court only because a record was transmitted as if this were an appeal as of right rather than an application for discretionary review. Nothing in the notice of appeal document indicates that it could be effectively treated as an application for permission to appeal. *See Graham v. State*, 90 S.W.3d 687, 691 (Tenn. 2002).

In order to obtain appellate review of the trial court's order, a petitioner <u>must</u> comply with the statutory requirements contained in Section 40-30-117(c). *See John Harold Williams, Jr. v. State*, No. W1999-01731-CCA-R3-PC; *William Lee Drumbarger v. State*, No. M1999-01444-CCA-R3-PC (Tenn. Crim. App. at Nashville, Dec. 7, 1999); *Lucy Killebrew v. State*, No. 03C01-9809-CR-00320 (Tenn. Crim. App. at Knoxville, Oct. 5, 1999), *perm. to appeal denied*, (Tenn. Apr. 24, 2000). The failure of a petitioner to comply with statutory requirements governing review of a denial of a motion to reopen deprives this Court of jurisdiction to entertain such matter. *John Harold Williams, Jr. v. State*, No. W1999-01731-CCA-R3-PC. Finally, neither the Post-Conviction Procedure Act

2

nor the Rules of the Supreme Court permit this Court to suspend the statutory requirements. *Id.* Accordingly, this Court is without jurisdiction to entertain this matter. Notwithstanding, even had the application vested this Court with jurisdiction, we agree with the trial court that the motion fails to assert a claim upon which a motion to reopen a petition for post-conviction relief may be granted.

The Petitioner's due process argument similarly fails to gain this Court's review. While due process may demand that strict application of procedural requirements be relaxed, due process does not require that the courts alter the subject matter of collateral proceedings. The grounds for reopening a post-conviction petition are very narrow: (1) a new constitutional right that is given retroactive application; (2) new scientific evidence of actual innocence; or (3) evidence of an improperly enhanced sentence. *See* T.C.A. § 40-30-117(a)(1-3). The Petitioner's claims of counsel's ineffectiveness fail to satisfy any of these three circumscribed grounds. Due process does not create a fourth category under which the Petitioner may reopen his petition for post-conviction relief. Moreover, although other sources of collateral review addressing claims of newly discovered evidence may be available for Petitioner, this Court may not *sua sponte* convert the proceeding to one amenable to the particular claim raised by Petitioner. *See Harris v. State*, 102 S.W.3d 587, 593 (Tenn. 2003). Accordingly, Petitioner's claims of ineffective assistance of counsel, and in particular, his claims related to newly discovered evidence, fail to present a claim under which a motion to reopen may be granted.

The Petitioner's failure to properly perfect an application for permission to appeal divested this Court of jurisdiction to consider the appeal. Accordingly, it is ordered that the State's motion is granted. The above-captioned matter is dismissed.

_____
DAVID G. HAYES, JUDGE

3