IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 18, 2008

## ARTHUR W. STAMEY, III v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Bradley County**
**No. M-04-418     Amy Reedy, Judge**

---

**No. E2008-01061-CCA-R3-PC - Filed January 12, 2009**

---

The petitioner, Arthur W. Stamey, III, appeals the dismissal of his petition for writ of error coram nobis. In this appeal, he contends that due process principles require the tolling of the one-year statute of limitations and that newly discovered, exculpatory evidence warrants coram nobis relief. Because the coram nobis court erred by summarily dismissing the petition for writ of error coram nobis, the judgment of that court is reversed, and the case is remanded for a determination of whether due process principles require the tolling of the coram nobis statute of limitations.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Reversed and Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Arthur W. Stamey, III, Pikeville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; R. Steven Bebb, District Attorney General; and Stephen M. Hatchett, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On February 3, 2004, the petitioner pleaded guilty to one count of aggravated sexual battery and one count of failure to appear in exchange for an effective sentence of nine years to be served at 100 percent by operation of law. *See Arthur W. Stamey, III v. State*, E2005-02261-CCA-R3-PC, slip op. at 1 (Tenn. Crim. App., Knoxville, Apr. 7, 2006); *see also* T.C.A. § 40-35-501(i) (2003). Following his guilty plea, the petitioner filed an unsuccessful motion to withdraw his plea, *see Arthur W. Stamey, III*, slip op. at 2, and a similarly unsuccessful petition for post-conviction relief, *id.* This court affirmed the denial of post-conviction relief. *Id.*, slip op. at 7. The petitioner then filed a petition for writ of habeas corpus, the denial of which this court affirmed on direct appeal. *See Arthur W. Stamey, III v. State*, E2006-02047-CCA-R3-HC (Tenn. Crim. App., Knoxville, Aug. 17, 2007).

Then, on February 29, 2008, the petitioner filed a petition for writ of error coram nobis, alleging that newly discovered, exculpatory evidence rendered his guilty pleas unknowing and involuntary. Acknowledging that the petition had been filed outside the one-year statute of limitations, *see* T.C.A. § 27-7-103 (2000), the petitioner asserted that due process principles required the tolling of the statute of limitations because he was unaware of the evidence until the completion of his habeas corpus proceeding in August 2007. The State responded that the petition was untimely and that the evidence did not qualify as "newly discovered." In its response to the petition, the State conceded that the evidence had not been disclosed to the petitioner prior to his guilty plea, explaining, "The State disagrees with the [p]etitioner's contention that [the victim's pretrial statements] are exculpatory in nature and therefore the [p]etitioner would not have had access to these [statements], pursuant to Tennessee Rule of Procedure 26, until after the victim testified." On May 1, 2008, the coram nobis court dismissed the petition as untimely without making a finding on the petitioner's claim of due process principle's tolling the statute of limitations. The petitioner then filed a timely notice of appeal in this court.

In this appeal, the petitioner asserts that the coram nobis court erred by dismissing his petition as time-barred because, he contends, due process principles require the tolling of the statute in his case. He avers that he filed his petition within a reasonable time after he received the items he claims are "newly discovered evidence." Those items, statements given by the victim to an interviewer with the Child Advocacy Center, remained in the possession of the State until the conclusion of his habeas corpus case. The State concedes that the petitioner only received the statements after the conclusion of the habeas corpus proceeding, but it nevertheless asserts that the evidence does not qualify as newly discovered under the terms of the coram nobis statute. The coram nobis court found only that "the writ of error coram nobis was not timely filed."

A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999) (citation omitted). Coram nobis relief is provided for in criminal cases by statute:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

T.C.A. § 40-26-105(b) (2006); *see State v. Vasques,* 221 S.W.3d 514, 525 (Tenn. 2007).

> The grounds for seeking a petition for writ of error coram nobis are not limited to specific categories, as are the grounds for reopening a post-conviction petition. Coram nobis claims may be based upon any "newly discovered evidence relating to matters litigated at the trial" so long as the petitioner also establishes that the petitioner was "without fault" in failing to present the evidence at the proper time. Coram nobis claims therefore are singularly fact-intensive. Unlike

motions to reopen, coram nobis claims are not easily resolved on the face of the petition and often require a hearing.

*Harris v. State*, 102 S.W.3d 587, 592-93 (Tenn. 2003).

"The writ of error [coram nobis] may be had within one (1) year after the judgment becomes final by petition presented to the judge at chambers or in open court, who may order it to operate as a supersedeas or not." T.C.A. § 27-7-103 (2000); *see Mixon*, 983 S.W.2d at 670 (holding that a petition for a writ of error coram nobis is untimely unless it is brought within one year of the entry of the trial court's "final," or last, order; the time for filing is not extended by the pursuit of a timely direct appeal). Principles of due process of law, however, may preclude the use of the statute of limitations to bar a claim in coram nobis. *Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001). "'[B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.'" *Id.* at 102 (quoting *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992)). Thus, principles of due process may intercede when, "under the circumstances of a particular case, application of the statute [of limitations] may not afford a reasonable opportunity to have the claimed issue heard and decided." *Burford*, 845 S.W.2d at 208.

Here, the petitioner acknowledged that his petition was filed outside the statute of limitations but asserted that due process principles required the tolling of the statute of limitations because he received the statements at issue only after he filed a Freedom of Information Act request following the conclusion of his habeas corpus litigation some three years after his guilty plea.[1] The State accedes to the petitioner's account of when and how he learned of the previously unrevealed statements, arguing only that the statements are "newly disclosed" rather than "newly discovered." Under these circumstances, due process principles may toll any statutory time bar. *See Armstrong v. State*, No. M2005-01325-CCA-R3-CD, slip op. at 11 (Tenn. Crim. App., Nashville, June 8, 2006) (holding that due process principles would toll the coram nobis statute of limitations where the State failed to disclose material, exculpatory evidence).

Moreover, we are unpersuaded by the State's arguments that the evidence does not qualify as exculpatory or that, as impeachment evidence, it cannot be the subject of a coram nobis petition. "Evidence favorable to an accused includes that which may be used to impeach the prosecution's witnesses." *State v. Copeland*, 983 S.W.2d 703, 706 (Tenn. Crim. App. 1998) (citing *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763 (1972)). Thus, the victim's statements that she had never touched the petitioner in the manner charged by the State qualify as exculpatory. Further, our supreme court has held "that whether the testimony qualifies as impeachment evidence may be relevant in the determination [of whether coram nobis relief is warranted] but is not controlling." *Vasques*, 221 S.W.3d at 528. The court explained,

---

[1] It is unclear whether the petitioner refers to the federal Freedom of Information Act, *see* 5 U.S.C. § 552, or the similar Tennessee Code provision, *see* T.C.A. § 10-7-503.

> Impeachment evidence might be particularly compelling under the circumstances of a particular case. Moreover, a complete restriction on the availability of coram nobis relief in the case of any newly discovered impeachment evidence would be inconsistent with the discretion afforded to our trial courts. Finally, the language of Tennessee Code Annotated section 40-26-105 makes no distinction between impeachment evidence and all other evidence. Thus, the ultimate question is the effect of the newly discovered evidence on the outcome when viewed under the standards in *Mixon*, our decision in *Workman*, and our analysis in this case.

*Id.*

We are also unpersuaded by the State's insistence that the petitioner faces an additional "hurdle" to coram nobis relief because he pleaded guilty to the charged offenses. In support of this proposition, the State relies on *Newsome v. State*, 995 S.W.2d 129 (Tenn. Crim. App. 1998). In that case, this court held, in a case of first impression, that a guilty pleading petitioner "would have to present newly discovered evidence which would show that his plea was not voluntarily or knowingly entered" in order to establish that he is entitled to coram nobis relief. *Newsome v. State*, 995 S.W.2d 129, 134 (Tenn. Crim. App. 1998). *Newsome*, which involved a third-party confession, specifically addressed the effect upon a guilty plea of a third-party confession, and this court specifically noted that "should 'newly discovered evidence' [a]ffect the voluntariness of a guilty plea, a writ may properly lie." *Id.* n.6. That is precisely what the petitioner has alleged in this case. He specifically asserts that, had he been aware that the victim told authorities on more that one occasion that she had not touched the petitioner as the State alleged, he would not have pleaded guilty and would have insisted upon going to trial. We note that this court's opinion in the petitioner's post-conviction case indicates that, despite his decision to plead guilty, the petitioner adamantly maintained his innocence. *Arthur Stamey, III*, E2005-02261-CCA-R3-PC, slip op. at 2-3.

Because the petitioner alleged grounds that, if true, would require the tolling of the coram nobis statute of limitations, the coram nobis court should not have dismissed the petition as time-barred in the absence of any findings regarding the petitioner's due process tolling claim. Further, because the evidence advanced by the petitioner is not otherwise barred from consideration in a coram nobis proceeding, summary dismissal was not otherwise warranted. In consequence, the judgment of the coram nobis court is reversed, and the case is remanded for a hearing to determine whether due process principles require the tolling of the statute of limitations in this case. Specifically, the coram nobis court should determine whether the State withheld the statements at issue as the petitioner alleges and, if so, whether the bar of the statute of limitations would deprive the petitioner of the opportunity to present his claims at a meaningful time and in a meaningful manner.

_____
JAMES CURWOOD WITT, JR., JUDGE