IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 2, 2009

## TIMOTHY CASTERLOW v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 98-14186     W. Otis Higgs, Jr., Judge**

---

**No. W2008-02683-CCA-R3-CO  - Filed September 18, 2009**

---

The petitioner, Timothy Casterlow, *pro se*, appeals the summary dismissal of his writ of error coram nobis as being filed outside the one-year statute of limitations. He contends due process principles should toll the running of the statute of limitations because the newly discovered evidence was not timely sent to him by his attorney. After review of this record, we conclude that due process does not require the tolling of the statute of limitations.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JERRY L. SMITH, J., joined. CAMILLE R. MCMULLEN, J., not participating.

Timothy Casterlow, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; William L. Gibbons, District Attorney General; and Nicole C. Germain, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On November 15, 1999, the petitioner was found guilty of rape of a child, a Class A felony. This court affirmed the petitioner's conviction on August 8, 2002. *State v. Timothy Casterlow*, No. W2001-0311-CCA-R3-CD, 202 WL 1869420 (Tenn. Crim. App. Aug. 8, 2002), *perm. to appeal denied* (Dec. 23, 2002). The petitioner sought no post-conviction relief; rather, he filed the instant petition for writ of error coram nobis on September 12, 2008. The trial court summarily dismissed the petition as time-barred without a hearing on October 29, 2008. This appeal followed.

Analysis

The petitioner alleges that he has found two items of newly discovered evidence in his file that he obtained from his attorney. One is an affidavit and the other a medical report, both from a Memphis nurse practitioner, in which the victim denies ever having sex. The nurse's findings

conclude that "it appeared the child was not sexually active nor had ever been sexually active." It appears the affidavit was sworn to on October 27, 2000. The medical reports were compiled on September 5, 2000. This evidence stands in sharp contrast with the conclusion of a panel of this court on direct appeal, which stated:

> The record in the instant case reveals that the victim, under the age of thirteen years, testified at trial that the [petitioner] penetrated her vaginally on virtually a daily basis from June 1, 1996, until August 26, 1998. She also told staff at the sexual assault center that the [petitioner] penetrated her anus. A registered nurse at the Memphis Sexual Assault Resource Center testified that the victim had redness and swelling in the vaginal area as well as anal scarring and dilation. These injuries are consistent with sexual abuse.

Further, the petitioner acknowledges that his petition was filed outside the one year statute of limitations for error coram nobis. *See* T.C.A. 40-26-105 (2006). However, he alleges that due process principles should toll the running of the statute of limitations. The due process principle he relies upon is that it is unfair to allow the statute of limitations to run when his attorney did not send him his file as soon as he was required. The petitioner maintains that Rule 8 of the Supreme Court and the Rules of Professional Conduct require an attorney to promptly surrender any work product prepared by the attorney for the client. This petitioner received the attorney's work file on July 9, 2008, nearly five and one-half years after the petitioner's case became final.

We are mindful that the Tennessee Supreme Court has recognized that principles of due process may toll the writ of error coram nobis statute of limitations or the post-conviction statute of limitations where the petitioner's liberty interest in raising a later arising issue outweighs the State's finality interest embodied in the statute. *Workman v. State*, 41 S.W.3d 100, 101-02 (Tenn. 2001); *see also Williams v. State*, 44 S.W.3d 464 (Tenn. 2001); *Seals v. State*, 23 S.W.3d 272 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). We are also cognizant of the admonition contained in *Harris v. State*, 102 S.W.3d 587, 592-93 (Tenn. 2003), warning of the dangers of summarily dismissing a petition for writ of error coram nobis, saying,

> The grounds for seeking a petition for writ of error coram nobis are not limited to specific categories, as are the grounds for reopening a post-conviction petition. Coram nobis claims may be based upon any "newly discovered evidence relating to matters litigated at the trial" so long as the petitioner also establishes that the petitioner was "without fault" in failing to present the evidence at the proper time. Coram nobis claims therefore are singularly fact-intensive. Unlike motions to reopen, coram nobis claims are not easily resolved on the face of the petition and often require a hearing.

However, we agree with the State that due process principles are not invoked in the instant case such to toll the running of the statute of limitations. First, the evidence was found in his own attorney's case file and not the State's file. Second, it appears that his attorney was working on his case after it became final in that the file contained the disclosed information obtained in the year 2000. Third, it appears that the petitioner did not request his case file until long after the statute of

limitations had run. Without any request from the petitioner for his case file, we know of no authority, and the petitioner cites to none, requiring an attorney to forward all work products to the client unless requested. We are unable to conclude the petitioner's attorney violated any portion of his professional obligation to the petitioner.

_____
JOHN EVERETT WILLIAMS, JUDGE