# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs February 23, 2010

## DANIEL LEE DRAPER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S45,106     R. Jerry Beck, Judge**

---

**No. E2009-00952-CCA-R3-PC - Filed December 21, 2010**

---

The petitioner, Daniel Lee Draper, appeals the Sullivan County Criminal Court's denial of his petition for writ of error coram nobis, arguing that the court should have appointed counsel and afforded him an evidentiary hearing. Upon review of the record and the parties' briefs, we affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., J., joined. JOSEPH M. TIPTON, P.J., filed a concurring opinion.

Daniel Lee Draper, Whiteville, Tennessee, Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; and H. Greeley Wells, Jr., District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

We glean the following facts from the record before us and this court's opinion on appeal from the denial of post-conviction relief: In 2001, the petitioner was charged by presentment in the Sullivan County Criminal Court with first degree premeditated murder, first degree felony murder committed during the perpetration of aggravated child abuse, and aggravated child abuse against the victim, his infant daughter. The State filed a notice of intent to seek the death penalty. At some point during the investigation into the victim's death, the petitioner had given a confession to the police. During a pretrial suppression

hearing, the trial court ruled that the petitioner's confession was voluntary and denied his motion to suppress it. On September 26, 2002, the petitioner pled guilty to first degree felony murder and aggravated child abuse, and the trial court sentenced him to concurrent sentences of life and twenty-five years, respectively. Daniel Lee Draper v. State, No. E2007-01485-CCA-R3-PC, 2008 Tenn. Crim. App. LEXIS 943, at *1 (Knoxville, Dec. 5, 2008), perm. to appeal denied, (Tenn. May 4, 2009).

The petitioner filed a petition for post-conviction relief but voluntarily dismissed the petition on September 8, 2005, when the trial court denied his motion to disqualify the district attorney's office. Id. at **1-2. He then filed a motion to reopen the petition on August 22, 2006, but the trial court denied the motion. Id. at *2. This court denied the petitioner's application to appeal the trial court's denial of the motion to reopen. Id. (citing State v. Daniel L. Draper, No. E2006-02167-CCA-R28-PC, Sullivan County (Tenn. Crim. App. Jan. 25, 2007) (order)). On May 14, 2007, the petitioner filed a petition for post-conviction relief, alleging

> that he was entitled to relief because (1) the association between agents of the State and a member of the victim's family led to "biased mishandling" of the case to the petitioner's detriment, including coercion of an involuntary confession from the petitioner, (2) trial counsel had a conflict of interest with the petitioner because a member of the district attorney general's staff was a former employee of trial counsel, and (3) he entered an unknowing and involuntary guilty plea after the State failed to disclose exculpatory evidence. The petitioner alleged that his claims were based upon newly discovered evidence which he said consisted of information from (1) depositions of members of the victim's family that were taken in another action in May and June 2006, which detailed the extent of the involvement of the defendant's former father-in-law, who was the victim's grandfather, . . . in the investigation and association with a member of the district attorney general's staff and a police investigator, and (2) the September 2005 investigation of the medical evidence by his previous post-conviction counsel, the import of which was that the medical examiner who conducted the victim's autopsy gave conflicting opinions regarding the victim's injuries and death and the significance of which the petitioner claimed he did not understand until he received a February 9, 2006 letter from his former counsel. The petitioner also alleged that his request for dismissal of his original

post-conviction claim was based upon his belief that he did not have sufficient evidence to prove his claims. He alleged that his claims were not previously determined because he never had a full and fair hearing on the merits, either in the proceedings on the first petition or in his unsuccessful attempt to reopen those proceedings.

Id. at **2-4.

The post-conviction court dismissed the petition without appointing counsel or conducting an evidentiary hearing, determining that the petition was barred by the one-year statute of limitations and that the petitioner's claims had been determined previously on the merits by this court's order dismissing the motion to reopen. Id. at *4. On appeal, this court affirmed the post-conviction court's dismissal of the petition. Id. at *11. Specifically, this court concluded that the petitioner had one year from the date his judgments of conviction became final, October 26, 2002, to file his petition for post-conviction relief. Id. at **6-7. The petition, which was filed more than three years after that date was, therefore, time-barred, and due process did not toll the statute of limitations. Id. at *7. This court noted that although the petitioner raised claims of newly discovered evidence, the "typical framework" for such claims was through a writ of error coram nobis and that it was inappropriate to consider such claims in the post-conviction petition. Id. at **8-9.

The petitioner filed a petition for writ of error coram nobis on February 3, 2009, essentially alleging the same claims of new evidence that he had raised in the post-conviction petition. The State argued in a written motion to dismiss that the petition was time-barred by Tennessee Code Annotated section 27-7-103, which provides that a writ of error coram nobis must be filed within one year after the judgments of conviction become final. The State also argued that the evidence described in the petition was not newly discovered and that the petitioner raised the same issues in his previous post-conviction petitions. The error coram nobis court dismissed the petition without appointing counsel or conducting an evidentiary hearing, holding that the petitioner was attempting to reopen the motion to suppress his confession, that the evidence described in the petition was not new, that the ineffectiveness of his trial counsel was not a proper ground for relief, and that he raised similar issues in his petition for post-conviction relief. The court also held that the petition was barred by the statute of limitations. The petitioner appeals, claiming that the coram nobis court should have at least appointed counsel and conducted an evidentiary hearing.

## II. Analysis

### A. Statute of Limitations

The State maintains that the coram nobis court properly dismissed the petition because the petitioner filed it more than one year after the judgments of conviction became final. We note that the State properly preserved this issue by arguing in its motion to dismiss the petition that the petitioner filed it well-outside the one-year statute of limitations. See Harris v. State, 102 S.W.3d 587, 593 (Tenn. 2003) (stating that "the State bears the burden of raising the bar of the statute of limitations as an affirmative defense"). The petitioner argues for the first time on appeal that Tennessee Code Annotated section 27-7-103 has been "repealed" by Tennessee Rule of Civil Procedure 60.02. Issues raised for the first time on appeal are typically waived. State v. Adkisson, 899 S.W.2d 626, 635 (Tenn. Crim. App. 1994). However, we will briefly address the petitioner's argument.

Tennessee Code Annotated section 40-26-105(a) makes available to convicted felons "a proceeding in the nature of a writ of error coram nobis, to be governed by the same rules and procedure applicable to the writ of error coram nobis in civil cases." Tennessee Code Annotated section 27-7-101 provides for writ of error coram nobis in civil cases while Tennessee Rule of Civil Procedure 60.02 states that writs of error coram nobis are "abolished" in civil cases. However, as our supreme court has explained,

> Though the writ of error coram nobis in civil cases was superseded when Rule 60 of the Tennessee Rules of Civil Procedure became effective in 1971, the adoption of Rule 60 did not diminish or supersede the statute which extended the writ as an available remedy in criminal proceedings. . . . The anomalous result is that the writ of error coram nobis continues to be an available remedy in criminal actions, but the procedure governing the remedy is based upon the civil writ of error coram nobis which has been abolished for almost 28 years.

State v. Mixon, 983 S.W.2d 661, 668 (Tenn. 1999) (footnotes omitted). Therefore, coram nobis claims in criminal cases remain subject to the one-year statute of limitations.

Although the petition was filed outside the one-year statute of limitations, due process can require tolling the statute. Workman v. State, 41 S.W.3d 100, 101 (Tenn. 2001). As explained in Workman, a court must weigh the petitioner's interest in obtaining a hearing to present a later-arising ground for relief against the State's interest in preventing stale and groundless claims. Id. at 103. Courts should use the following three-step process to balance these interests:

> (1) determine when the limitations period would normally have begun to run;

(2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and

(3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Harris v. State, 301 S.W.3d 141, 145 (Tenn. 2010) (quoting Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995)).

The statute of limitations in this case normally would have begun to run on October 26, 2002, thirty days after the judgments of conviction became final. Therefore, the statute of limitations would have expired on October 26, 2003, more than five years before the petitioner filed his petition for writ of error coram nobis.

Next, we must determine whether the petitioner's grounds for relief arose after the limitations period normally would have commenced. In his petition, the petitioner cites as "new evidence" information contained in the Department of Children's Services' Service Activity Report, the Sullivan County Sheriff Department's investigative report, a two-page statement given by the victim's mother in 2001, and a 2002 letter from District Attorney General H. Greeley Wells to the petitioner's trial attorney. However, the petitioner acknowledges that his defense counsel received those documents prior to his guilty plea. "[T]he fact that the documents had indeed been disclosed to the defense prior to the petitioner's guilty plea establishes that the documents are not newly discovered evidence." Arthur W. Stamey, III v. State, No. E2009-00996-CCA-R3-CD, 2010 Tenn. Crim. App. LEXIS 119, at *16 (Knoxville, Feb. 11, 2010). The petitioner's remaining items of "new evidence" include depositions given by various witnesses in the civil case in 2003, 2006, and 2007, and a letter written by the petitioner's post-conviction attorney to the petitioner in 2006. Most of those documents were not available to the petitioner until after the one-year statute of limitations had expired.

Finally, we must determine if, under the facts of this case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present his claims. According to the petitioner, he received some of the depositions from the civil case in July 2006 and the letter from his post-conviction attorney in February 2006. He filed a petition for post-conviction relief on May 14, 2007, ten months after he received the depositions and fifteen months after he received the letter. It is evident from this court's opinion on appeal from the denial of post-conviction relief that the petitioner raised new

evidence claims, including claims about information in the depositions and the letter, in his post-conviction petition. This court noted in its opinion that the proper avenue for relief regarding claims of new evidence was a writ of error coram nobis, not a petition for post-conviction relief. This court affirmed the denial of post-conviction relief on December 5, 2008, and the petitioner filed his petition for error coram nobis shortly thereafter on February 3, 2009. The delay was not unreasonable, and due process tolled the statute of limitations in this case.

## B. New Evidence

The petitioner argues that the coram nobis court erred by denying his petition on the merits but that in any event, he was entitled to the appointment of counsel and an evidentiary hearing. The State contends that the court properly dismissed the petition because the evidence at issue was not newly discovered. We conclude that the court properly dismissed the petition.

The writ of error coram nobis is a post-conviction mechanism that has a long history in the common law and the State of Tennessee. See, e.g., State v. Vasques, 221 S.W.3d 514, 524-26 (Tenn. 2007). It is now codified in Tennessee Code Annotated section 40-26-105. The writ "is an extraordinary procedural remedy . . . [that] fills only a slight gap into which few cases fall." State v. Mixon, 983 S.W.2d 661, 672 (Tenn. 1999). By its terms, the statute is "confined" to cases in which errors exist outside the record and to matters that were not previously litigated. Tenn. Code Ann. § 40-26-105(b). Where the case involves a matter that has been previously litigated, the writ will not lie unless the petitioner demonstrates that he was without fault in failing to present the evidence and that the evidence "may have resulted in a different judgment." Id.

Our supreme court outlined the procedure that a trial court considering a petition for a writ of error coram nobis is to follow:

> [T]he trial judge must first consider the newly discovered evidence and be "reasonably well satisfied" with its veracity. If the defendant is "without fault" in the sense that the exercise of reasonable diligence would not have led to a timely discovery of the new information, the trial judge must then consider both the evidence at trial and that offered at the coram nobis proceeding in order to determine whether the new evidence may have led to a different result.

Vasques, 221 S.W.3d at 527. In determining whether the new information may have led to a different result, the question before the court is "'whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceeding might have been different.'" Id. (quoting State v. Roberto Vasques, No. M2004-00166-CCA-R3-CD, 2005 Tenn. Crim. App. LEXIS 1100, at **36-37 (Nashville, Oct. 7, 2005)). However, there are limits to the types of evidence that may warrant the issuance of a writ of error coram nobis. See, e.g., State v. Hart, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1995). Aside from the fact that the evidence must be both admissible and material to the issues raised in the petition,

> [a]s a general rule, subsequently or newly discovered evidence which is simply cumulative to other evidence in the record or serves no other purpose than to contradict or impeach the evidence adduced during the course of the trial will not justify the granting of a petition . . . when the evidence . . . would not have resulted in a different judgment.

Id. (citations omitted).

In the context of a guilty plea, "in order for a writ to issue, the appellant [has] to present newly discovered evidence which would show that his plea was not voluntarily or knowingly entered." Newsome v. State, 995 S.W.2d 129, 134. (Tenn. Crim. App. 1998). Thus, the coram nobis court must consider the impact of the newly discovered evidence on the validity of the petitioner's plea. A decision whether to grant a writ rests within the sound discretion of the coram nobis court. See Hart, 911 S.W.2d at 375.

We are cognizant of the supreme court's recent order granting a defendant's application to appeal a coram nobis case involving a guilty plea. Stephen Bernard Wlodarz v. State, No. E2008-02179-SC-R11-CO, 2010 Tenn. LEXIS 697, at *1 (Knoxville, Aug. 25, 2010) (order) (stating that for purposes of supplemental briefing and oral argument, the court was particularly interested in whether the writ of error coram nobis could be used to challenge a guilty plea conviction). Irrespective of what the supreme court will hold in that case, the petitioner in the instant case has failed to point to "new" evidence of actual innocence within the meaning of the coram nobis statute. As stated previously, the defense possessed the Department of Children's Services' Service Activity Report, the Sullivan County Sheriff Department's investigative report, the two-page statement given by the victim's mother, and the letter from District Attorney General H. Greeley Wells to the petitioner's trial attorney prior to the petitioner's plea. Therefore, those documents do not constitute new evidence. Regarding the remaining "new" evidence, i.e., the civil depositions and the letter written by the petitioner's post-conviction attorney, the petitioner claims that

the evidence would have shown at trial that an inappropriate association existed between a member of the victim's family and the State; would have called into question the victim's actual cause of death; would have revealed that any one of ten other suspects, including the victim's mother, could have killed the victim; and would have shown at the suppression hearing that the petitioner's confession was the result of an illegal arrest. As the coram nobis court noted in its dismissal of the petition, the petitioner's "theory seems to go to cross examination points if he had gone to trial." Evidence used simply to impeach or contradict evidence that was presented at the suppression hearing or that would have been presented at trial does not justify granting a petition for writ of error coram nobis. Regarding any claim that the petitioner received the ineffective assistance of trial counsel, such an issue also is not an appropriate ground for relief pursuant to a writ of error coram nobis. Domingo Ponce v. State, No. M2004-02257-CCA-R3-CO, 2005 Tenn. Crim. App. LEXIS 540, at **7-8 (Nashville, May 31, 2005). The record reflects that the coram nobis court did not abuse its discretion in dismissing the petition.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the coram nobis court.

_____
NORMA McGEE OGLE, JUDGE