# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 24, 2011

## YOUNG BOK SONG v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2003-C-1792    Steve Dozier, Judge**

---

### No.  M2010-02054-CCA-R3-CO - Filed July 13, 2011

---

Petitioner, Young Bok Song, appeals from the trial court's dismissal of a petition for writ of error coram nobis.  Petitioner is currently serving a 65 year sentence for seven counts of rape of a child and four counts of aggravated sexual battery.  *See State v. Young Bok Song*, No. M2004-02885-CCA-R3-CD, 2005 WL 2978972, at *12 (Tenn. Crim. App., at Nashville, Nov. 4, 2005), *perm. app. denied*, (Tenn. Mar. 27, 2006).  The petition for writ of error coram nobis alleged that Petitioner was: (1) being illegally restrained as a result of actions by the criminal court; (2) that trial counsel was ineffective for challenging various issues at trial and on appeal; and (3) that his case should be considered by "the Presidential Speech," public concern, and by the judgment of the International Court of Justice.  After a review of the record, we determine that the trial court properly denied coram nobis relief.  Consequently, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., JOINED.

Young Bok Song, Pro Se, Mountain City, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter, Lindsy Paduch Stempel, Assistant Attorney General; Victor S. Johnson, District Attorney General, and Pamela Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Factual Background*

In August of 2003, Petitioner was indicted for nine counts of rape of a child and four counts of aggravated sexual battery. *Young Bok Song*, 2005 WL 2978972, at *1. After a jury trial, Petitioner was convicted of seven counts of rape of a child and four counts of aggravated sexual battery. The trial court entered a judgment of acquittal on two counts of the indictment. As a result of the convictions, Petitioner was sentenced to serve 65 years in at 100 percent incarceration. *Id.* The convictions and sentence were affirmed on appeal, and the supreme court denied permission to appeal. *Id.* at *12.

Subsequently, Petitioner sought post-conviction relief on the basis of ineffective assistance of counsel. *Young Bok Song v. State*, No. M2007-00404-CCA-R3-PC, 2008 WL 624926, at *1 (Tenn. Crim. App., at Nashville, Mar. 8, 2008), *perm. app. denied*, (Tenn. Sept. 29, 2008). After a hearing, the post-conviction court denied relief. The denial of post-conviction relief was upheld on appeal. *Id.*

Petitioner filed his first petition for coram nobis relief on September 18, 2009, prior to the filing of the petition at issue herein. *See Young Bok Song v. State*, No. M2009-02322-CCA-R3-CO, 2010 WL 4296673, at *1 (Tenn. Crim. App., at Nashville, Oct. 29, 2010), *perm. app. denied*, (Tenn. Jan. 13, 2011). The trial court dismissed that petition. *Id.* On appeal, the Petitioner raised a number of issues related the denial of relief based upon newly discovered evidence. This Court affirmed the dismissal of the petition. *Id.*

Petitioner has also sought habeas corpus relief on the basis that his judgments are void because he was denied the opportunity to contact the Korean Consulate General in violation of Article 36 of the Vienna Treaty. *Young Bok Song v. Howard Carlton, Warden*, No. E2009-01299-CCA-R3-HC, 2011 WL 900059, at *1 (Tenn. Crim. App., at Knoxville, Mar. 16, 2011). This Court determined that Petitioner's allegations of a violation of the Vienna Treaty was not a cognizable claim under the habeas corpus statutes of the State of Tennessee. *Id.* at *2.

Petitioner filed the petition for writ of error coram nobis at issue herein in September of 2010. In the petition, Petitioner challenged the legality of Count Ten of his conviction, arguing that the conviction should have merged with another conviction and the case should be considered by "the Presidential Speech," public concern, and by the Judgment of the International Court of Justice. Additionally, Petitioner claimed that trial counsel was

ineffective for failing to challenge these issues at trial or on appeal and he was without fault because he did not have the assistance of the Korean Consulate in prior petitions.

The trial court determined that the issues presented by Petitioner were not appropriate for review via the writ of error coram nobis. Specifically, the trial court noted that "each count has previously been addressed at trial, an election of offenses was read as to each count, and all issues involving the validity of the defendant's convictions as to each count have been previously addressed." The trial court found that Petitioner's remaining allegations had no "merit" and dismissed the petition.

Petitioner appealed the dismissal of the petition.

*Analysis*

On appeal, Petitioner complains the trial court improperly dismissed the petition for relief via the writ of error coram nobis. The State argues that the trial court properly denied the writ.[1]

The writ of error coram nobis, available only to convicted defendants in criminal cases, is an "extraordinary procedural remedy," filling "only a slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999). The purpose of this remedy is to bring to the attention of the court some fact unknown to the court which if known may have resulted in a different judgment. *See State v. Vasques*, 221 S.W.3d 514, 524 (Tenn. 2007). Tennessee Code Annotated section 40-26-105(b) provides:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

---

[1] The State initially argues that the petition for writ of error coram nobis was untimely but correctly acknowledges that the State's failure to raise this affirmative defense at the trial level precludes the State from raising this issue on appeal. *See State v. Calvin O. Tankesly*, No. M2004-01440-CCA-R3-CO, 2005 WL 2008203, at *6 (Tenn. Crim. App., at Nashville, Aug. 19, 2005), *perm. app. denied*, (Tenn. Feb. 6, 2006) (citing *Harris v. State*, 102 S.W.3d 587, 593 (Tenn. 2003); *Sands v. State*, 903 S.W.2d 297, 299 (Tenn. 1995)).

The petition for writ of error coram nobis relief must contain: "(1) the grounds and the nature of the newly discovered evidence; (2) why the admissibility of the newly discovered evidence may have resulted in a different judgment had the evidence been admitted at the previous trial; (3) Petitioner was without fault in failing to present the newly discovered evidence at the appropriate time; and (4) the relief sought by Petitioner." *Freshwater v. State*, 160 S.W.3d 548, 553 (Tenn. Crim. App. 2004).

The question whether to grant or deny a petition for writ of error coram nobis on its merits is a question left in the sound discretion of the trial court. *Harris v. State*, 301 S.W.3d 141, 144 (Tenn. 2010) (citing *Vasques*, 221 S.W. 3d at 527-28). Therefore, review by the appellate courts is limited to ascertaining whether the trial court abused its discretion. *Freshwater*, 160 S.W.3d at 553; *State v. Workman*, 111 S.W.3d 10, 18 (Tenn. Crim. App. 2002). A lower court abuses its discretion when it "applie[s] incorrect legal standards, reaches an illogical conclusion, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party." *Id.*; *Konvalinka v. Chattanooga-Hamilton County Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008).

In the case herein, Petitioner complained that he was entitled to relief based on errors found in the indictment, at trial, and during sentencing, among other things. Specifically, Petitioner alleged newly discovered evidence with regard to an issue pertaining to Count 10. Petitioner maintains that he has previously not challenged the fact that Count 10, a conviction for aggravated sexual battery alleged to have "occurred during one of the episodes in which [Petitioner] was having intercourse [with the victim] should have merged with a conviction for rape." Additionally, Petitioner argues that he is without fault in presenting this issue previously because he was denied the assistance of the Korean Consular. Petitioner also argued that his case should be considered because of statements made during "the Presidential Speech" and articles appearing in the newspaper made it a matter of public concern. Further, Petitioner renews claims of ineffective assistance of counsel.

The trial court dismissed the petition, determining:

> In this case, each count has previously been addressed at trial, an election of offenses was read as to each count, and all issues involving the validity of the defendant's convictions as to each count have been previously addressed. Furthermore, the Court finds there is no merit to the argument of merger as to such count.

-4-

As to the petitioner's remaining issues, the Court finds no proof as to the argument the defendant's judgment and sentence are void, nor is there a basis as to the arguments contained in Issue III. Moreover, the effectiveness of the petitioner's counsel has been previously addressed by the Court.

The trial court did not abuse its discretion in denying coram nobis relief. The trial court properly found that the effectiveness of counsel had been previously addressed in the post-conviction proceeding, *Young Bok Song*, 2008 WL 624926, at *1, and that the issue regarding the merger of Count 10 was not "newly discovered" evidence because it was known to Petitioner at the time of indictment and trial and, therefore, inappropriate for coram nobis relief. Moreover, the trial court did not abuse its discretion by stating that Petitioner's remaining claims had no basis in coram nobis relief as the trial court did not, in our view, "appl[y] incorrect legal standards, reach[ ] an illogical conclusion, base[ ] its decision on a clearly erroneous assessment of the evidence, or employ[ ] reasoning that causes an injustice to the complaining party." *See Konvalinka*, 249 S.W.3d at 358; *Freshwater*, 160 S.W.3d at 553; *Workman*, 111 S.W.3d at 18. Further, Petitioner has failed to show, as required, that the alleged newly discovered evidence "may have resulted in a different judgment had the evidence been admitted at the previous trial." *State v. Hart*, 911 S.W.2d 371, 374-75 (Tenn. Crim. App. 1995). Accordingly, the judgment of the trial court is affirmed.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

-5-