IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 9, 2012

**TIMOTHY L. JEFFERSON v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2000-D-1954    Cheryl Blackburn, Judge**

**No. M2011-01653-CCA-R3-CO - Filed May 31, 2012**

The petitioner, Timothy L. Jefferson, appeals from the summary dismissal of his petition for writ of error coram nobis which challenged his 2001 guilty-pleaded conviction of second degree murder. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and JEFFREY S. BIVINS, JJ., joined.

Timothy L. Jefferson, Nashville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel Harmon, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Brett Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner, originally charged with first degree murder and especially aggravated robbery, pleaded guilty to a reduced charge of second degree murder in exchange for a sentence of 40 years' incarceration and dismissal of the especially aggravated robbery charge. Prior to pleading guilty, the petitioner filed an unsuccessful motion to suppress his pretrial statements to police on grounds that they were unconstitutionally obtained. The petitioner also filed a timely but unsuccessful petition for post-conviction relief. *See Timothy L. Jefferson v. State*, No. M2002-02393-CCA-R3-PC (Tenn. Crim. App., Nashville, Feb. 17, 2004), *perm. app. denied* (Tenn. Sept. 7, 2004). On August 10, 2011, the petitioner filed a petition for writ of error coram nobis, wherein he claimed,

Following the direct appeal's conclusion of his conviction, the petitioner, who had always asserted to his counsel that he feels his rights were violated, discovered information through the prison's legal advisor during advisement of the case, that the petitioner's rights were in fact violated and that his initial assertion was accurate, despite petitioner's counsel's clear disregard of such, when it was the proper time to be heard by the court.

The coram nobis court dismissed the petition on grounds that it was untimely and that the petitioner had failed to state cognizable grounds for coram nobis relief. Regarding the timeliness of the petition, the court found that the petitioner's 10-year delay in filing the petition for writ of error coram nobis was "unreasonable" and that the petitioner was not entitled to due process tolling of the statute of limitations. As to the merits of the petitioner's claim, the court concluded that although the petitioner asserted that newly discovered evidence entitled him to coram nobis relief, he failed to identify the alleged newly discovered evidence in his petition for writ of error coram nobis. Indeed, the coram nobis court pointed out that "it appears [the petitioner] believes his enhanced knowledge of the law constitutes 'newly discovered evidence.'"

In this appeal, the petitioner challenges the summary dismissal of his petition for writ of error coram nobis on grounds that newly discovered evidence establishes that he "was not promptly arraigned as required" by law. As a result, he argues, his incriminating statements to police should have been suppressed. Had the statements been suppressed, he contends, he would not have pleaded guilty and would have insisted upon going to trial. The State contends that the petitioner may not challenge his guilty-pleaded conviction via petition for writ of error coram nobis. In the alternative, the State asserts that the petitioner failed to establish that newly discovered evidence entitles him to coram nobis relief.

Initially, we note that our supreme court recently concluded that guilty-pleading petitioners were not barred from seeking coram nobis relief. *See Stephen Bernard Wlodarz v. State*, No. E2008-02179-SC-R11-CO (Tenn. Feb. 23, 2012). That being said, the petitioner has failed to establish entitlement to coram nobis relief.[1]

A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999) (citation omitted). Coram nobis relief is provided for in criminal cases by statute:

[1]The State does not assert on appeal that the petition for writ of error coram nobis, filed 10 years after the petitioner's conviction, was time barred.

The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

T.C.A. § 40-26-105(b) (2006); *see State v. Vasques,* 221 S.W.3d 514, 525-28 (Tenn. 2007) (describing standard of review as "'whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different'" (citation omitted).

The grounds for seeking a petition for writ of error coram nobis are not limited to specific categories, as are the grounds for reopening a post-conviction petition. Coram nobis claims may be based upon any "newly discovered evidence relating to matters litigated at the trial" so long as the petitioner also establishes that the petitioner was "without fault" in failing to present the evidence at the proper time. Coram nobis claims therefore are singularly fact-intensive. Unlike motions to reopen, coram nobis claims are not easily resolved on the face of the petition and often require a hearing.

*Harris v. State*, 102 S.W.3d 587, 592-93 (Tenn. 2003). The decision to grant or deny coram nobis relief rests within the sound discretion of the trial court. *Vasques*, 221 S.W.3d at 527-28.

Although the petitioner claims that newly discovered evidence entitles him to coram nobis relief, he fails to identify the newly discovered evidence upon which he bases his coram nobis claim. We agree with the coram nobis court that it appears as though the petitioner is relying on his own fresh understanding of the law as newly discovered evidence. Moreover, as the State correctly points out, the petitioner was aware of the circumstances of his arrest and subsequent detention at the time he pleaded guilty. The facts alleged in the original petition for writ of error coram nobis and in his brief on appeal are the same as those alleged in his unsuccessful motion to suppress; in fact, the petitioner relies upon the facts as

stated by the trial court in its order denying his motion to suppress.  The petitioner is not entitled to litigate the admissibility of his incriminating statements on facts known prior to trial via a petition for writ of error coram nobis.

Accordingly, the judgment of the coram nobis court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE