IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 2, 2014

## MARCUS TERRY aka MARCUS BENSON aka TORIAN BENSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. W97-01085     Chris Craft, Judge**

_____

**No. W2014-00684-CCA-R3-ECN  - Filed December 30, 2014**

_____

The pro se petitioner, Marcus Terry aka Marcus Benson aka Torian Benson, appeals the summary dismissal of his petition for writ of error coram nobis, which petition challenged his 1997 Shelby County Criminal Court guilty-pleaded conviction of escape. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR. and ROGER A. PAGE, JJ., joined.

Marcus Terry aka Marcus Benson aka Torian Benson, Henning, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Caitlin Smith, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

On December 11, 1997, the petitioner pleaded guilty to one count of escape from felony incarceration, and the trial court imposed a sentence of four years to be served consecutively to six prior convictions, which included a conviction of vehicular homicide. The petitioner did not file a direct appeal.

On January 23, 2014, the petitioner filed a petition for writ of error coram nobis alleging that, because he had escaped from a hospital rather than a penal institution, he had not committed the offense of escape and that his trial counsel was ineffective for failing to disclose that discrepancy. On February 3, 2014, the coram nobis court summarily dismissed the petition, finding that the claim was time-barred and that, even if it had been timely filed,

the petition did not allege newly discovered evidence. The court continued as follows:

> The Criminal Information to which [the petitioner] plead[ed] guilty charged that he escaped "from the Shelby County Jail located in Shelby County, Tennessee, while serving a sentence for Vehicular Homicide, a felony . . . ." In his petition, he admits that he was taken from the Shelby County Jail by Shelby County Deputy Jailers to the Regional Medical Center to be treated for a head injury, and while there he escaped from the handcuffs and leg irons securing him to his bed by means of a handcuff key rubber-banded to his penis. His complaint is that the Regional Medical Center is not the Shelby County Jail, and that his attorney was ineffective in not disclosing to him that the information charged escape from the jail, not the hospital (the newly discovered "evidence.")[.] His discovery of the wording of the charging instrument is not newly discovered evidence. Further, the Shelby County Jail is composed of more than one facility in Shelby County, including a facility for women and the secure Shelby County Jail facility at the Regional Medical Center (the Shelby County hospital), where the jail houses numerous prisoners who have both acute and chronic illness. He escaped from that Shelby County jail facility. If the petitioner would have demanded a trial rather than enter a plea of guilty, the State would have called a witness who would have testified that the facility from which the petitioner escaped was in fact a branch of the Shelby County jail, a penal institution where prisoners were housed.

In this timely appeal, the petitioner contests the summary dismissal of his petition, again contending that the "newly discovered evidence" that he had pleaded guilty to escape from a penal institution when he had, in fact, escaped from a hospital entitled him to a new trial and that the coram nobis court erred by deeming the petition time-barred when the State had failed to raise the affirmative defense of the statute of limitations. The State asserts that the coram nobis court properly dismissed the petition for failure to state a cognizable ground for relief.

A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999) (citation omitted). Coram nobis relief is provided for in criminal cases by statute:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

T.C.A. § 40-26-105(b) (2006); *see State v. Vasques,* 221 S.W.3d 514, 525-28 (Tenn. 2007) (describing standard of review as "'whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different'") (citation omitted). The decision to grant or deny coram nobis relief rests within the sound discretion of the trial court. *Vasques*, 221 S.W.3d at 527-28.

"The writ of error [coram nobis] may be had within one (1) year after the judgment becomes final by petition presented to the judge at chambers or in open court, who may order it to operate as a supersedeas or not." T.C.A. § 27-7-103 (2000); *State v. Mixon*, 983 S.W.2d 661, 670 (Tenn. 1999) (holding that a petition for a writ of error coram nobis is untimely unless it is brought within one year of the entry of the trial court's "final," or last, order; the time for filing is not extended by the pursuit of a timely direct appeal). In coram nobis cases, however, the statute of limitations is an affirmative defense that must be raised by the State in the trial court. *See Harris v. State*, 102 S.W.3d 587, 593 (Tenn. 2003) (citing *Sands v. State*, 903 S.W.2d 297, 299 (Tenn. 1995)).

In the instant case, the coram nobis court should not have dismissed the petition based on timeliness because the State had not yet responded to the petition and pleaded the affirmative defense of the statute of limitations. *See Harris*, 102 S.W.3d at 593. That being said, the petition does not avail the petitioner of coram nobis relief because he failed to identify any newly discovered evidence. We agree with the coram nobis court that the petitioner's "discovery of the wording of the charging instrument" does not amount to newly discovered evidence and that, in any event, the petitioner's escape from the Regional Medical Center while incarcerated rather than a direct escape from the Shelby County jail is a distinction without a difference. The petitioner is effectively attempting to attack the sufficiency of the convicting evidence, and such an attack is not justiciable in a coram nobis petition.

Accordingly, the judgment of the coram nobis court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE