IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 14, 2015

**LEROY JOHNSON V. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County
No. I120002      Carolyn W. Blackett, Judge**

_____

**No. W2014-01993-CCA-R3-ECN  -  Filed August 3, 2015**
_____

Petitioner, Leroy Johnson, pled guilty to second degree murder and was sentenced to twenty-two years in the Department of Correction.  He subsequently filed a petition for writ of error coram nobis that was summarily dismissed by the trial court as being time-barred and for failing to allege newly discovered evidence.  Petitioner now appeals the denial of his petition.  After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, JJ., joined.

Leroy Johnson, Whiteville, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; and Amy Weirich, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Background**

On January 19, 2012, Petitioner pled guilty to second degree murder and was sentenced to twenty-two years in the Department of Correction.  Petitioner filed a *pro se* petition for writ of error coram nobis on June 15, 2014, alleging newly discovered evidence because of his mental disabilities that were known to Petitioner's counsel at the time of Petitioner's guilty plea.  The trial court summarily dismissed the petition and made the following findings:

[U]pon consideration of the Petition for Writ of Error Coram Nobis for his 2012 guilty plea wherein the petitioner alleges newly discovered evidence, specifically a low I.Q. and mental health history [sic]. Petitioner also alleges his attorney was aware of these factors, so as such they are not newly discovered. Furthermore, this petition is not timely filed. Consequently, the Petition for writ of Error Coram Nobis is hereby denied. Additionally, had this issue been raised pursuant to the Post-Conviction statutes it would similarly be untimely, and as such should also be denied.

On appeal, Petitioner raises the following issues:

I.   Whether the evidence is sufficient to justify a rational trier of fact in finding beyond a reasonable doubt that the appellant is guilty.

II.  Whether the Court erred in "allowing" and "accepting" an unconstitutional guilty plea knowing that the Appellant has a very low I.Q. level and that they knew about the Appellant's mental health history.

III. Whether the Court erred in not recognizing that a high standard of ineffective assistance of counsel and prosecutorial misconduct existed at the time of the guilty plea.

IV.  Whether the Court erred in "accepting" a coerced guilty plea knowing the defendant/Appellant did not understand the consequences and nature of his guilty plea.

V.   Whether the Court erred in not having a mental health evaluation provided before accepting a guilty plea on someone they "knew" was mentally ill.

VI.  Whether the Court erred in not reviewing the newly discovered evidence.

**Analysis**

A petition for writ of error coram nobis relief must be dismissed as untimely filed unless filed within one (1) year of the date on which the petitioner's judgment of conviction became final in the trial court. *State v. Mixon*, 983 S.W.2d 661, 670 (Tenn. 1999). The only exception to this is when due process requires a tolling of the statute of limitations. *Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001). A judgment becomes final, for purposes of error coram nobis relief, thirty days after the entry of the judgment in the trial court if no post-trial motion is filed. *Mixon*, 983 S.W.2d at 670. In this case, the petitioner's writ of error coram nobis was clearly filed outside the limitations period. Petitioner entered his guilty plea on January 19, 2012, and the limitations period would have begun to run after February 18, 2012. The petition was not filed until June 15, 2014.

"Although coram nobis claims are also governed by a one-year statute of limitations, the State bears the burden of raising the bar of the statute of limitations as an affirmative defense." *Harris v. State*, 102 S.W.3d 587, 592-93 (Tenn. 2003). This Court has stated that "the statute of limitations is an affirmative defense which must be specifically plead or is deemed waived." *Newsome v. State*, 995 S.W.2d 129, 133 n. 5 (Tenn. Crim. App. 1998). In the present case, it does not appear that the affirmative defense of the statute of limitations was properly raised since the record contains no response to the petition filed by the State, and the trial court summarily dismissed the petition based on a finding that the petition for writ of error coram nobis was untimely filed and that Petitioner's claims do not constitute newly discovered evidence. Nonetheless, we conclude that any error in dismissing the petition based on the statute of limitations was harmless and that summary dismissal was proper because Petitioner has not alleged newly discovered evidence that would require relief pursuant to a writ of error coram nobis.

Despite raising six issues, Petitioner's argument is essentially that he had a low I.Q. and mental illness at the time of his guilty plea and that his trial counsel knew of his problems but still forced him into entering the guilty plea. Petitioner also alleges that this was ineffective assistance by his counsel. He further asserts:

> The trial court withheld much of the evidence violating the Brady v. Maryland case, whereas the appellant can undoubtly [sic] prove that he has newly discovered evidence, but the trial court of Shelby County refuses to submit the discovery material whereby the appellant can challenge this matter any further, but time bar him in the matter at hand.

Petitioner's claims clearly existed at the time of his guilty plea and are not newly discovered. Accordingly, we conclude that a strict application of the statute of limitations in this case would not deny Petitioner a reasonable opportunity to present a

coram nobis claim. Also, Petitioner did not present any supporting documentation for his petition for writ of error coram nobis.

Accordingly, we conclude that the trial court did not err by summarily dismissing the petition for writ of error coram nobis.

We also find that the trial court did not err in its determination that the petition was untimely filed for the purposes of post-conviction relief. A petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final . . . T.C.A. § 40-30-102(a). Petitioner has not alleged any grounds sufficient to toll the statute of limitations. T.C.A. § 40-30-102(b), *Whitehead v. State*, 402 S.W.3d 615, 622-23 (Tenn. 2013). Although Petitioner alleges that his guilty plea was not knowingly entered due to his mental illness and low I.Q., "[u]nsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal." *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001); *see* T.C.A. § 40-30-106(b), (f).

After a thorough review, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, PRESIDING JUDGE