IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 9, 2015

## CURTISS CARLOS TALLEY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 02-00010    Carolyn Wade Blackett, Judge**

———————————————

**No. W2015-00658-CCA-R3-ECN  -  Filed February 18, 2016**

———————————————

The petitioner, Curtiss Carlos Talley, pled guilty in 2002 to aggravated assault and was sentenced to serve five years concurrently with a federal sentence which, apparently, was later imposed. Twelve years later, in 2014, he filed a petition for writ of error coram nobis, asking, as we understand, that the court "vacat[e] his state judgment/conviction on the merits and in the interest of justice." The trial court determined that he had failed to state a claim for coram nobis relief, and we agree. Accordingly, we affirm the dismissal of the petition, pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

Curtiss Carlos Talley, Sheridan, Oregon, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Paul Goodman, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

As we understand the petitioner's basic complaints, he expected to be taken from state custody, sometime after his 2002 plea of guilty, into federal custody immediately after his later plea of guilty to federal drug charges. However, the transfer to federal custody was not made until his state sentence had been completed. According to the petition, the federal bureau of prisons will not give the petitioner sentence credits for the

time spent in Tennessee custody, and for which he already received credits by the Tennessee Department of Correction, because of certain federal statutes and regulations prohibiting double credits for a sentence. In the petitioner's view, the federal prisons are not giving him these credits because of the "fault or caused by the state court or state officials due to the concurrent nature of his agreement and sentence." The petitioner has fit these claims into a petition for writ of error coram nobis by alleging that he had only recently discovered these violations of his constitutional rights, which include denial of due process and ineffective assistance of counsel. As relief, the petitioner asks that the court "vacate" his state judgment "in the interest of justice." This result, according to the petitioner, would make him eligible for immediate release.

The trial court dismissed the petitioner's motion without a hearing, concluding that he had failed to set out any claims for which coram nobis relief could be granted. As we will explain, we agree.

A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." State v. Mixon, 983 S.W.2d 661, 672 (Tenn. 1999) (citation omitted). Tennessee Code Annotated section 40-26-105(b) provides that coram nobis relief is available in criminal cases as follows:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Our supreme court has stated the standard of review as "whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different." State v. Vasques, 221 S.W.3d 514, 525-28 (Tenn. 2007) (citation omitted).

Coram nobis claims may be based upon any "newly discovered evidence relating to matters litigated at the trial" so long as the petitioner establishes that he or she was "without fault" in failing to present the evidence at the proper time. Harris v. State, 102 S.W.3d 587, 592 (Tenn. 2003). Coram nobis claims are "singularly fact-intensive," are

2

not easily resolved on the face of the petition, and often require a hearing.  Id. at 592-93.  The decision to grant or deny coram nobis relief rests within the sound discretion of the trial court.  Vasques, 221 S.W.3d at 527-28.

The State asserts that the petitioner's claim is barred by the statute of limitations.  Coram nobis claims are subject to a one-year statute of limitations.  Tenn. Code Ann. § 27-7-103.  The statute of limitations is computed "from the date the judgment of the trial court becomes final, either thirty days after its entry in the trial court if no post-trial motions are filed or upon entry of an order disposing of a timely filed, post-trial motion."  Harris v. State, 301 S.W.3d 141, 144 (Tenn. 2010).

We agree that the petitioner's 2014 request for coram nobis relief from his 2002 plea of guilty is untimely.  Further, as the State also argues, he does not allege the discovery of any new "evidence," asserting, instead, there were defects in his decade earlier sentencing procedure.  Such claims are not cognizable in a coram nobis proceeding, and neither are claims of ineffective assistance of counsel, which he also appears to claim occurred.  See State v. Glenn Bernard Mann, No. W2006-01867-CCA-R3-CO, 2007 WL 2247237, at *4 (Tenn. Crim. App. Aug. 6, 2007), perm. app. denied (Tenn. Dec. 17, 2007).  Additionally, we conclude that the trial court's inclusion in the dismissal order of the word "mandamus" was an error and does not affect the validity of the order.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge.  See Tenn. Ct. Crim. App. R. 20.  We conclude that this case satisfies the criteria of Rule 20.  The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE