IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 19, 2016

## DAVID G. SKIPPER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Putnam County**
**No. 00-0302    Gary McKenzie, Judge**

_____

**No. M2015-01518-CCA-R3-PC – Filed August 26, 2016**

_____

The Petitioner, David G. Skipper, appeals the Putnam County Criminal Court's dismissal of his second petition for post-conviction relief from his guilty pleas to two counts of rape of a child and one count of attempted aggravated sexual battery and resulting effective sentence of thirty-one years. On appeal, the Petitioner contends that the post-conviction court erred by not treating his petition for post-conviction relief as a petition for writ of error coram nobis. Based upon the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

David G. Skipper, Pro se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Bryant C. Dunaway, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

The record reflects that in June 2000, the Putnam County Grand Jury indicted the Petitioner and the victim's mother for ten counts of rape of a child, a Class A felony. On May 22, 2001, they each pled guilty to one count of the indictment, and the trial court scheduled a sentencing hearing for July 26. On July 26, 2001, they each pled guilty to a

second count of rape of a child and one count of attempted aggravated sexual battery, a Class C felony.[1]  Pursuant to the plea agreement, the Petitioner and the victim's mother received concurrent, twenty-five-year sentences for the convictions of rape of a child and a consecutive six-year sentence for the conviction of attempted aggravated sexual battery for a total effective sentence of thirty-one years.  The remaining counts were dismissed.

At the May 2001 plea hearing, Investigator David Andrews of the Putnam County Sheriff's Department testified that in January 2000, he began investigating the Petitioner for allegations of raping the then ten-year-old victim.  The officer interviewed the Petitioner, and the Petitioner admitted to having sexual intercourse with the victim in their home.  The State asked the officer if he collected any evidence in the case, and he stated that he collected a footrest from a recliner, a piece of carpet, and a pair of panties.  The following exchange then occurred:

> Q.     And did you submit those to the TBI Crime Lab?
>
> A.     I did.
>
> Q.     At some later date did you have cause to have a sample of David Skipper's blood to be drawn for the purpose of comparison with whatever was found on that carpet and footrest?
>
> A.     I did.
>
> Q.     And are you aware that the TBI did test his blood with the semen that was found on the items you've mentioned, and that a match, a DNA match was found by the TBI?
>
> A.     That is correct.
>
> Q.     And I believe they said that the possibility that it could be somebody else's is greater than the human population at this time.  Did you see that?

---

[1] During the plea colloquy, the trial court questioned whether aggravated sexual battery was a lesser-included offense of rape of a child.  Regardless, the defendants stated that they were agreeing to an amendment of the indictment and to enter a plea to the amended offense.

A.      I did not see -- I don't remember it, but I do know that there was a match.

(Emphasis added.)

The Petitioner filed a timely petition for post-conviction relief, alleging that he received the ineffective assistance of counsel because counsel failed to file a motion to suppress his statement and communicate with him adequately; that he did not knowingly and voluntarily enter his guilty pleas; and that there was an insufficient factual basis to support the pleas. The post-conviction court denied relief, and this court affirmed the denial. See David Gene Skipper v. State, No. M2004-01137-CCA-R3-PC, 2005 WL 639131 (Tenn. Crim. App. at Nashville, Mar. 15, 2005).

At some point, the Petitioner requested DNA testing on the footrest, carpet, and panties pursuant to the Post-Conviction DNA Analysis Act. In February 2014, the State filed a response to the request, stating that DNA analysis already had been performed on the footrest and carpet and that the State could not locate any documentation of testing on the panties. In May 2014, the Petitioner filed a second petition for post-conviction relief, arguing that the State failed to disclose exculpatory evidence as required by Brady v. Maryland, 373 U.S. 83 (1963). Specifically, the Petitioner claimed that the State

> deliberately misrepresented . . . that DNA testing of the victim's panties was accomplished and DNA found in the panties matched Mr. Skipper's DNA. The State did fail to disclose the truth to Mr. Skipper or his attorney that DNA testing of the panties was never accomplished [because] the victim stated that she thought she washed the panties after the alleged rape.

The Petitioner stated in the second petition that he did not become aware of the State's failure to perform DNA testing on the panties until he read the State's response to his request for scientific testing. The Petitioner attached numerous exhibits to his second petition, including his pretrial discovery request, the State's response to the request, and relevant documents from the State's "open" file.

The State filed a motion to dismiss the petition without an evidentiary hearing on the basis that the Petitioner was entitled to file only one petition for post-conviction relief. In a written order, the post-conviction court agreed with the State and noted that the Petitioner had not alleged, nor had the court found, any grounds to justify reopening his initial petition.

- 3 -

## II. Analysis

On appeal, the Petitioner contends that the post-conviction court erred by not treating his second petition for post-conviction relief as a petition for writ of error coram nobis filed pursuant to Tennessee Code Annotated section 40-26-105. The State claims that the post-conviction court properly dismissed the second petition for post-conviction relief and did not err by failing to treat it as a writ of error coram nobis. We agree with the State.

The Post-Conviction Procedure Act contemplates the filing of only one petition for post-conviction relief and provides for the summary dismissal of a subsequent petition if a previous petition has been filed and resolved on the merits. Tenn. Code Ann. § 40-30-102(c). The Petitioner filed a previous petition for post-conviction relief, the denial of which this court affirmed in 2005. Accordingly, the Petitioner is barred from filing a second petition. However, under limited circumstances, a petitioner may file a motion to reopen a prior petition for post-conviction relief. Tennessee Code Annotated section 40-30-117(a) provides that a petitioner may file a motion to reopen the first post-conviction petition if:

> (1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required . . . ; or

> (2) The claim in the motion is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

> (3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid . . . ; and

> (4) It appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced.

Initially, we note that we are puzzled by the Petitioner's claim that the State failed to reveal that the panties were never tested. According to the Request for Examination form submitted by Investigator Andrews to the Tennessee Bureau of Investigation and the Official Serology/DNA Report, both of which were part of the State's "open" file and are attached to the Petitioner's second petition for post-conviction relief, the only evidence tested for the presence of semen and sperm were three tubes of vaginal swabs collected from the victim, one vaginal slide collected from the victim, one piece of carpet, and one footrest from a recliner. Moreover, at the Petitioner's May 2001 guilty plea hearing, the State indicated through its questioning of Investigator Andrews that only the footrest and carpet were tested.

In any event, our supreme court has held that "[a] claim that the State suppressed or failed to disclose exculpatory evidence in violation of Brady simply is not one of the statutory grounds for reopening a post-conviction proceeding." Harris v. State, 102 S.W.3d 587, 591 (Tenn. 2003). Accordingly, the post-conviction court post-conviction court properly dismissed the Petitioner's second petition.

As to the Petitioner's claim that the post-conviction court should have treated his second petition as a petition for writ of error coram nobis, our supreme court recently held that "the coram nobis statute is not available as a procedural mechanism for collaterally attacking a guilty plea." Clark D. Frazier v. State, ___ S.W.3d ___, M2014-02374-SC-R11-ECN, 2016 WL 3668035, at *6 (Tenn. July 7, 2016) (overturning its recent decision in Wlodarz v. State, 361 S.W.3d 490 (Tenn. 2012)). Thus, the post-conviction court did not err by failing to treat the second petition as a petition for writ of error coram nobis.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the post-conviction court.

 

 

_____
NORMA MCGEE OGLE, JUDGE