IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs September 15, 2015

**SHAUN STEVEN KIDD v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 293421     Don W. Poole, Judge**

---

**No. E2014-02426-CCA-R3-PC – Filed December 15, 2015**

---

The Petitioner, Shaun Steven Kidd, appeals the Hamilton County Criminal Court's summary dismissal of his petition for a writ of error coram nobis. Based upon the record and the parties' briefs, we affirm the dismissal of the petition.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ALAN E. GLENN, and D. KELLY THOMAS, JR., JJ., joined.

Shaun Steven Kidd, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Senior Counsel; and M. Neal Pinkston, District Attorney General for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

The technical record contains only the Petitioner's pro se petition for a writ of error coram nobis, the coram nobis court's lengthy order dismissing the petition, and the Petitioner's notice of appeal. We glean the following procedural history from the coram nobis court's order: On January 14, 2010, the Petitioner pled guilty in three separate cases to fraudulent use of a credit card, aggravated burglary, criminal simulation, and forgery. The trial court sentenced him "as a multiple offender to the department of correction and, after service of eleven (11) months, twenty-nine (29) days, probation for consecutive terms of two (2) years, six (6) years, four (4) years, and four (4) years,

respectively." On August 9, 2010, the Petitioner's probation sentences for burglary and fraudulent use of a credit card were revoked.

In November 2014, the Petitioner filed a petition for a writ of error coram nobis, alleging that the affidavit of complaint filed in the aggravated burglary case had been improperly signed by the investigating officer, not the victim. The Petitioner further alleged that he received the ineffective assistance of counsel in that counsel "failed to object to such [improper] Affidavit of Complaint" and advised him to "plea out" instead of go to trial. On November 12, 2014, the coram nobis court found that the petition failed to allege a cognizable ground for coram nobis relief but that it stated a claim of ineffective assistance of counsel. The court ordered that the petition be treated as a petition for post-conviction relief but summarily dismissed the petition because the Petitioner had filed it outside the one-year statute of limitations.

## II. Analysis

On appeal, the Petitioner maintains that the victim was required to sign the affidavit of complaint and that he received the ineffective assistance of counsel due to trial counsel's failure to challenge the improper affidavit. He also alleges various issues for the first time, including that counsel would not allow him to present an alibi or "other Remedies" and that he has been diagnosed with severe psychiatric illness. The State argues that the coram nobis court properly dismissed the petition. We agree with the State.

The writ of error coram nobis is codified in Tennessee Code Annotated section 40-26-105, which provides as follows:

> There is hereby made available to convicted defendants in criminal cases a proceeding in the nature of a writ of error coram nobis, to be governed by the same rules and procedure applicable to the writ of error coram nobis in civil cases, except insofar as inconsistent herewith. . . . Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Our supreme court has held that a conviction pursuant to a guilty plea falls within a broad

interpretation of a "trial" for the purposes of the aforementioned statute. Wlodarz v. State, 361 S.W.3d 490, 503 (Tenn. 2012).[1] Generally, a decision whether to grant a writ of error coram nobis rests within the sound discretion of the trial court. See State v. Hart, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1995).

The writ of error coram nobis is a post-conviction mechanism that has a long history in the common law and the State of Tennessee. See, e.g., State v. Vasques, 221 S.W.3d 514, 524-26 (Tenn. 2007). The writ "is an extraordinary procedural remedy . . . [that] fills only a slight gap into which few cases fall." State v. Mixon, 983 S.W.2d 661, 672 (Tenn. 1999).

Our supreme court has outlined the procedure that a court considering a petition for a writ of error coram nobis is to follow:

> [T]he trial judge must first consider the newly discovered evidence and be "reasonably well satisfied" with its veracity. If the defendant is "without fault" in the sense that the exercise of reasonable diligence would not have led to a timely discovery of the new information, the trial judge must then consider both the evidence at trial and that offered at the coram nobis proceeding in order to determine whether the new evidence may have led to a different result.

Vasques, 221 S.W.3d at 527. In determining whether the new information may have led to a different result, the question before the court is "'whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceeding might have been different.'" Id. (quoting State v. Roberto Vasques, No. M2004-00166-CCA-R3-CD, 2005 WL 2477530, at *13 (Tenn. Crim. App. at Nashville, Oct. 7, 2005)).

Turning to the instant case, we note that coram nobis claims are "singularly fact-intensive," "not easily resolved on the face of the petition," and "often require a hearing." Harris v. State, 102 S.W.3d 587, 593 (Tenn. 2003). However, as the coram nobis court ruled, the allegations raised by the petition did not present a colorable claim for coram nobis relief but, instead, raised allegations more appropriate in a petition for post-conviction relief. Additionally, even treating the petition as one for post-conviction relief, the Petitioner filed it well-outside the one-year statute of limitations. See Tenn. Code Ann. § 40-30-102(a). Therefore, we conclude that the trial court committed no abuse of discretion by summarily dismissing the petition.

---

[1] We note that our supreme court recently granted a Rule 11 application for permission to appeal an opinion of this court in which the supreme court directed the parties to address whether it should reconsider its opinion in Wlodarz. Clark Derrick Frazier v. State, No. M2014-02374-SC-R11-ECN (Tenn. Oct. 16, 2015) (order).

## III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the coram nobis court.

_____
NORMA MCGEE OGLE, JUDGE