FILED

05/17/2017

Clerk of the
Appellate Courts



IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 8, 2016

## JAMES R. WILSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 98-D-3052      Steve R. Dozier, Judge**

_____

### No. M2016-01493-CCA-R3-ECN

_____

Petitioner, James R. Wilson, appeals the summary dismissal of his petition for writ of error coram nobis that was dismissed by the trial court as being time-barred and for failing to allege newly discovered evidence. Petitioner now appeals the denial of his petition. After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

James R. Wilson, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Glenn R. Funk, District Attorney General; and J. Wesley King, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Petitioner was convicted of felony murder and especially aggravated robbery and was sentenced to concurrent sentences for life for the murder charge and twenty years for the robbery charge to be served in the Department of Correction. The judgments were entered on October 15, 1999, and January 7, 2000. On direct appeal this court affirmed the convictions. *State v. James Robert Wilson*, No. M2000-00760-CCA-R3-CD, 2002 WL 1050259 (Tenn. Crim. App. May 24, 2002). On October 9, 2003, Petitioner filed a petition for post-conviction relief that was denied by the post-conviction court. This court affirmed the post-conviction court's denial of post-conviction relief. *James Robert Wilson v. State*, No. M2004-00933-CCA-R3-PC, 2005 WL 1378770 (Tenn. Crim. App. June 10, 2005). Petitioner filed a subsequent petition for writ of habeas corpus that was summarily dismissed by the trial court, and this court affirmed the dismissal of the petition. *James Robert Wilson v. State*, No. M2016-00860-CCA-R3-HC, 2016 WL

6493234 (Tenn. Crim. App. Nov. 2, 2016). Petitioner filed a *pro se* petition for writ of error coram nobis on June 22, 2016, alleging newly discovered evidence. He asserted the documents from the Tennessee Bureau of Investigation (TBI) that were introduced at trial were fabricated. Petitioner also alleged that the prosecuting attorney sent an email to a defense attorney in an unrelated case which indicated that the prosecutor would be involved in a murder trial in which the defendant was "actually innocent." Petitioner argues that he was the referenced defendant. The trial court summarily dismissed the petition and made the following findings:

> In the petition, the petitioner sets forth allegations that the documents used by the Tennessee Bureau of Investigation in this trial were fabricated. The petitioner alleges that because the documents submitted to the Court bear neither the seal nor certification by a TBI supervisor, they are fraudulent or fabricated. However, it is not alleged that these documents have changed in any way since the trial in this matter. Therefore, they do not fall within the realm of newly discovered evidence, and this issue is barred by the one-year statute of limitations.
>
> The petitioner also alleged that General [ ], Assistant District Attorney, stated in an email that the person she was trying that week in Division I was "actually innocent." The entire exchange of emails is set forth and intertwined in the case of *Rhyunia Barnes v. State of Tennessee*, No. M2015-01061-CCA-R3-ENC, 2016 WL 537127 (Tenn. Crim. App. February 10, 2016). As to this email correspondence, the Tennessee Court of Criminal Appeals stated and this Court reiterates that "it is quite obvious that the email exchange between [the defense counsel in that case and the prosecutor] contains sarcasm and attempts and "humor" by both attorneys. The e-mail exchange certainly does not constitute newly discovered evidence that would warrant error coram nobis relief. The Petitioner is not entitled to relief." *Id*. at 12.
>
> Here, the petitioner's motion was filed outside the one (1) year statute of limitations and is time-bared. The Court finds that due process considerations do not preclude the application of the limitations period. In addition, before the petitioner is entitled to relief based upon newly discovered evidence, it must be established, and the trial court must find, that the subsequently or newly discovered evidence "may have resulted in a different judgment had it been presented at trial." Tenn. Code Ann. § 40-26-105. Here, none of the specified evidence alleged in the petition is newly discovered nor would this matter have resulted in a different judgment had it been presented at trial. The proof in this case was overwhelming. Therefore, the petition is dismissed.

On appeal, Petitioner raises the same issues as those in his petition.

**Analysis**

A petition for writ of error coram nobis relief must be dismissed as untimely filed unless filed within one (1) year of the date on which the petitioner's judgment of conviction became final in the trial court. *State v. Mixon*, 983 S.W.2d 661, 670 (Tenn. 1999). The only exception to this is when due process requires a tolling of the statute of limitations. *Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001). A judgment becomes final, for purposes of error coram nobis relief, thirty days after the entry of the judgment in the trial court if no post-trial motion is filed. *Mixon*, 983 S.W.2d at 670. In this case, Petitioner's writ of error coram nobis was clearly filed outside the limitations period. The judgments in this case were entered on October 15, 1999, and January 7, 2000. The petition was not filed until June 22, 2016.

"Although coram nobis claims are also governed by a one-year statute of limitations, the State bears the burden of raising the bar of the statute of limitations as an affirmative defense." *Harris v. State*, 102 S.W.3d 587, 592-93 (Tenn. 2003). This Court has stated that "the statute of limitations is an affirmative defense which must be specifically plead[ed] or is deemed waived." *Newsome v. State*, 995 S.W.2d 129, 133 n. 5 (Tenn. Crim. App. 1998). In the present case, it does not appear that the affirmative defense of the statute of limitations was properly raised since the record contains no response to the petition filed by the State, and the trial court summarily dismissed the petition based on a finding that the petition for writ of error coram nobis was untimely filed and that Petitioner's claims do not constitute newly discovered evidence. Nonetheless, we conclude that any error in dismissing the petition based on the statute of limitations was harmless and that summary dismissal was proper because Petitioner has not alleged newly discovered evidence that would require relief pursuant to a writ of error coram nobis.

Petitioner's claim that TBI documents introduced at his trial were fabricated clearly existed at the time of his guilty plea and is not newly discovered, although he claims that he did not discover that they were fabricated until 2015. Petitioner offers nothing other than speculation that the documents were fabricated, and he only points to a regulation concerning the certification of records for the Tennessee Crime Information Center. *See* Tenn. Comp. R. & Regs. 1395-01-01-.08; *see also* Tenn. Comp. R. & Regs. 1395-01-01.05 (noting that the rules at issue govern "vital information and statistics relating to crime, criminals, and criminal activity"). Petitioner argues that the TBI documents introduced at his trial did not have the necessary seals under the regulations. Petitioner also offered a separate document from another division of the TBI on a generic letterhead bearing the seals of the TBI and the State of Tennessee. We fail to see how the

- 3 -

regulation cited by Petitioner relates to TBI documents introduced at his trial or how they demonstrate that the documents were fabricated.

As for Petitioner's claim that an email by the prosecuting attorney indicated that Petitioner was innocent, this court considered this very email in the case of *Rhyunia Lamont Barnes v. State*, No. M2015-01061-CCA-R3-ECN, 2016 WL 537127 (Tenn. Crim. App. Feb. 10, 2016). In *Barnes*, the petitioner also claimed, in support of his petition for error coram nobis, that the email in question was talking about *his* case and that it constituted newly discovered evidence. Concerning this issue, this court in *Barnes* stated:

> In August 1999, two years later, there are an exchange of emails between the Petitioner's attorney and [the prosecutor]. The Petitioner's attorney states to [the prosecutor]:
>
> > Dear [Prosecutor],
> >
> > I have the dubious honor to inform you that the motion on [the Petitioner] is currently set for October 14, 1999 at 1:15 in the afternoon before Lieutenant [sic] Kurtz. It is with bated breath that I eagerly await to hear your response to this motion especially to grounds 2 through 4.
> >
> > Sincerely,
> > [Defense Attorney]
>
> The prosecutor's response was:
>
> > I have not received the motion to which you refer, so I am breathlessly awaiting its receipt since it is probably as bitchy as its proponent. Just to let you know, I will be (once again[)] prosecuting an innocent man for murder in Div 1 that week, and might not be out of trial by 10/14 (it is a very convoluted circumstantial case). I guess I can just tell LT [sic] Kurtz to drop and give me twenty if he gives me any trouble with the def. motion!!!!

*Barnes*, 2016 WL at *8. This court rejected the petitioner's argument that the email was newly discovered evidence warranting error coram nobis relief. This court held: "Lastly, it is quite obvious that the email exchange between [Defense Attorney] and [Prosecutor] contains sarcasm and attempts at "humor" by both attorneys. The email exchange

certainly does not constitute newly discovered evidence that would warrant error coram nobis relief." *Id*. at 12. Likewise, we find the same applies in the present case.

## CONCLUSION

Accordingly, we conclude that Petitioner has not alleged any newly discovered evidence that would require relief pursuant to a writ of error coram nobis. The trial court did not err by summarily dismissing the petition.

After a thorough review, we affirm the judgment of the trial court.

_____

THOMAS T. WOODALL, PRESIDING JUDGE