IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 15, 2020

## RONALLEN HARDY v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
No. F-58763-C        David M. Bragg, Judge

_____

### No. M2019-02100-CCA-R3-ECN
_____

In this consolidated appeal, Petitioner, Ronallen Hardy, appeals the summary dismissal of his petitions for post-conviction and error coram nobis relief after being convicted of first degree murder, felony murder, especially aggravated robbery, aggravated burglary, conspiracy to commit especially aggravated robbery, and conspiracy to commit aggravated burglary and resulting sentence of life without parole. *See State v. Ronallen Hardy*, M2008-00381-CCA-R3-CD, 2009 WL 2733821, at *1 (Tenn. Crim. App. Aug. 31, 2009), *no perm. app. filed.* The trial court merged the murder convictions and this Court merged the conspiracy convictions on direct appeal. *Id.* After a review of the record, the parties' briefs, and applicable authorities, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT L. HOLLOWAY, JR., JJ., joined.

Ronallen Hardy, Nashville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Jennings H. Jones, District Attorney General, for the appellee, State of Tennessee.

### OPINION

At Petitioner's jury trial nearly thirteen years ago, Petitioner's taped statement indicated that he, Aldrick "Scoot" Lillard, and Vanessa Claude went to the victim's house to take the victim's guns. *State v. Ronallen Hardy*, 2009 WL 2733821, at *1. Petitioner and Ms. Claude waited in the car while Mr. Lillard went into the house. *Id.* They heard

two gunshots and got out of the car to see what happened. *Id.* Petitioner saw the victim after he had been shot. However, Petitioner claimed he did not go inside the house. *Id.* Petitioner stated that Ms. Claude pulled the car into the yard and that Mr. Lillard spent around forty-five minutes loading guns from the victim's home into the car. *Id.* Mr. Lillard told Petitioner that Mr. Lillard shot the victim because he was a "snitch." *Id.*[1]

Ms. Claude pled guilty to several charges. *Id.* Petitioner and Mr. Lillard were tried separately. At his trial, Mr. Lillard was convicted of first degree murder, felony murder, especially aggravated robbery, aggravated burglary, conspiracy to commit aggravated burglary, and conspiracy to commit aggravated robbery and the trial court merged the felony murder conviction into the first degree murder conviction and sentenced Mr. Lillard to life without parole. *State v. Aldrick Lillard*, 2009 WL 2951270, at *1. Petitioner was convicted of the same offenses. The trial court merged the murder convictions and sentenced Petitioner to an effective sentence of life without parole plus twenty-two years. *State v. Ronallen Hardy*, 2009 WL 2733821, at *1. On direct appeal, this Court merged Petitioner's conspiracy convictions into a single conviction but affirmed the remaining judgments of the trial court. *Id.* at *11.

Petitioner sought timely post-conviction relief on the basis of ineffective assistance of counsel. In the petition, he claimed that one of his lawyers failed to adequately communicate with him and withdrew prior to trial, and that another lawyer failed to call witnesses or present mitigation evidence at sentencing. *See Ronallen Hardy v. State*, No. M2011-00497-CCA-R3-PC, 2012 WL 76896, at *1 (Tenn. Crim. App. Jan. 9, 2012), *perm. app. denied* (Tenn. May 10, 2012). The post-conviction court denied relief. Petitioner raised additional allegations in his petition for post-conviction relief but failed to pursue them on appeal. This Court affirmed the denial of post-conviction relief and the Supreme Court denied permission to appeal. *Id.*

Petitioner filed a petition for writ of error coram nobis on September 26, 2019. In the petition, he claimed that he was entitled to relief based on newly discovered evidence that he could not have presented previously. Specifically, Petitioner claimed that a television documentary entitled "For My Man" consisted of newly discovered evidence about his case. According to Petitioner, the documentary described an intimate relationship between his co-defendants, Ms. Claude and Mr. Lillard, about which he was unaware at trial. Moreover, Petitioner claimed that the documentary revealed that the co-defendants planned to kill the victim for being a snitch, planned to make the murder look like "a robbery gone wrong," and planned to blame Petitioner for the murder. Petitioner

---

[1] At Mr. Lillard's trial, Mr. Lillard claimed Petitioner was the shooter. *State v. Aldrick Lillard*, No. M2008-00575-CCA-R3-CD, 2009 WL 2951270, at *3-4 (Tenn. Crim. App. Sept. 15, 2009), *perm. app. denied* (Tenn. Mar. 15, 2010).

also claimed that the State withheld exculpatory evidence from a pretrial interview with Ms. Claude that would have given Petitioner knowledge that Ms. Claude and Mr. Lillard planned to frame him for the murder.

Petitioner insisted that even though the television documentary originally aired in 2015, he was entitled to equitable tolling on the error coram nobis petition because he could not have known about this evidence. Petitioner claimed that he was not made aware of the documentary until March 31, 2019, when someone told Petitioner's brother about the documentary, who in turn told Petitioner. The trial court summarily dismissed the petition for error coram nobis relief on November 14, 2019, after determining that the statute of limitations had expired and that the information from the documentary was not newly discovered. Petitioner appealed on November 25, 2019.

On January 6, 2020, while the error coram nobis appeal was still pending, Petitioner filed a second petition for post-conviction relief. In this petition, Petitioner again claimed that he was entitled to due process tolling of the statute of limitations because of newly discovered evidence and because of the State's failure to disclose exculpatory evidence prior to trial.

The post-conviction court summarily denied the petition for post-conviction relief after determining that it was Petitioner's second petition for post-conviction relief, that the petition was untimely, and that Petitioner was not entitled to due process tolling because the grounds for relief were not based on a new constitutional right or new scientific evidence of Petitioner's actual innocence.

Petitioner filed separate appeals from both the denial of error coram nobis relief and the denial of post-conviction relief. On motion of Petitioner, the appeals were consolidated by this Court on appeal.

*Analysis*
*Error Coram Nobis*

On appeal, Petitioner argues that the error coram nobis court erred in concluding that the television documentary was not newly discovered evidence, that the State withheld exculpatory evidence of the relationship between Ms. Claude and Mr. Lillard, and that Petitioner was not entitled to due process tolling of the statute of limitations. Petitioner also argues that the court erred in summarily dismissing the petition. The State disagrees.

A writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such

- 3 -

evidence may have resulted in a different judgment, had it been presented at the trial." T.C.A. § 40-26-105(b); *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995). The writ of error coram nobis is "an *extraordinary* procedural remedy," designed to fill "only a slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999) (emphasis in original). In order to seek coram nobis relief, a petitioner must "establish[] that the petitioner was 'without fault' in failing to present the evidence at the proper time." *Harris v. State*, 102 S.W.3d 587, 592-93 (Tenn. 2003). To be considered "without fault," the petitioner must show that "the exercise of reasonable diligence would not have led to a timely discovery of the new information." *State v. Vasques*, 221 S.W.3d 514, 527 (Tenn. 2007). The error coram nobis court will then determine "whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different." *Id.* at 526.

A petition for error coram nobis relief must be filed within one year after the judgment becomes final. T.C.A. § 27-7-103. For the purposes of error coram nobis relief, a judgment becomes final thirty days after the entry of the judgment in the trial court if no post-trial motion is filed, or upon entry of an order disposing of a timely filed post-trial motion. *Mixon*, 983 S.W.2d at 670. Whether a claim is barred by an applicable statute of limitations is a question of law, which we review de novo. *Harris v. State*, 301 S.W.3d 141, 144 (Tenn. 2010) (citing *Brown v. Erachem Comilog, Inc.*, 231 S.W.3d 918, 921 (Tenn. 2007)). The statute of limitations for a writ of error coram nobis is not an affirmative defense that must be specifically raised by the State. *Nunley v. State*, 552 S.W.3d 800, 828 (Tenn. 2018).

After reviewing the record, we conclude that the error coram nobis court did not abuse its discretion by summarily dismissing the petition. The television documentary provided by Petitioner does not constitute newly discovered evidence for error coram nobis purposes. Newly discovered evidence "must be (a) evidence of facts existing, but not yet ascertained, at the time of the original trial, (b) admissible, and (c) credible." *Nunley*, 442 S.W.2d at 816 (quoting *Payne v. State*, 493 S.W.3d 478, 485 (Tenn. 2016)). Indeed, the petition itself must show why the evidence could not have been discovered with the exercise of reasonable diligence and how the evidence, if admitted at trial, may have resulted in a different judgment. *Id.* (internal citation omitted). Moreover, if the newly discovered evidence is cumulative or does nothing other than contract or impeach, a petitioner is not entitled to error coram nobis relief. *Wlodarz v. State*, 361 S.W.3d 490, 506 (Tenn. 2012), *abrogated on other grounds by Frazier v. State*, 495 S.W.3d 246 (Tenn. 2016). Here, Petitioner claims that he only discovered that the co-defendants were in a romantic relationship, that the co-defendants planned to use the robbery as a way to kill the victim and pin the murder on Petitioner, and that Ms. Claude agreed not to testify at Petitioner's trial that Mr. Lillard was the shooter after he viewed the documentary. In

other words, Petitioner claimed that these were all pieces of newly discovered evidence. We disagree.

At Petitioner's trial there was testimony that Mr. Lillard told Petitioner that Mr. Lillard shot the victim because he was a "snitch." *State v. Ronallen Hardy*, 2009 WL 2733821, at *1. Petitioner now claims that he did not learn this until he watched the documentary. Moreover, the television true-crime show relied upon by Petitioner, is not the type of credible evidence that would generally be considered newly discovered. Petitioner attached documents to the petition for error coram nobis relief in the form of affidavits from Petitioner's brother and friend to establish that the television documentary was newly discovered. These affidavits establish merely that the affiants watched the television documentary and told Petitioner about its existence, not that the information contained in the television documentary is credible or that the documentary contained information about which Petitioner had no prior knowledge. Additionally, Petitioner included a letter from the district attorney dated September 2018 in which the State informed Petitioner that they had located documents from Ms. Claude's case and that Petitioner could receive a copy of the file if he paid for the cost of copies. We fail to see how this supports Petitioner's assertion that the State concealed exculpatory evidence.

Lastly, the petition does not set forth any information that was not known to Petitioner at the time of trial. The trial transcript excerpt included with the petition indicates that there was a relationship between the co-defendants, that the murder of the victim was committed because the victim was a "snitch," and that Petitioner was aware of the plan at the time of the robbery and murder. While we acknowledge that the one-year statute of limitations for error coram nobis relief can be tolled to "accommodate due process concerns" if the petition for error coram nobis relief is "based upon new evidence of actual innocence discovered after expiration of the limitations period," a petition is "not entitled to equitable tolling to pursue a patently non-meritorious ground for relief." *Nunley*, 552 S.W.3d at 828-29 (internal citations omitted). In our view, equitable tolling does not apply in this case. None of the information alleged in the petition is either new or credible evidence and the claims are patently non-meritorious. Petitioner is not entitled to relief.

*Post-conviction Petition*

Petitioner claims on appeal that the trial court erred by determining that the post-conviction petition should be summarily dismissed because his *Brady* claim was later arising and his second post-conviction petition requires courts to disregard the one petition requirement. The State disagrees.

- 5 -

The Post-Conviction Procedure Act "contemplates the filing of only one (1) petition for post-conviction relief. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." T.C.A. § 40-30-102(c). "In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment." *Id.* A petitioner can reopen a prior post-conviction proceeding if he satisfies the requirements of Tennessee Code Annotated section 40-30-117(a):

(1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial; or

(2) The claim in the motion is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid; and

(4) It appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced.

Petitioner does not dispute that he had already filed a petition for post-conviction relief and/or that his first petition was resolved on the merits. *See Ronallen Hardy v. State*, 2012 WL 76896, at *4-5. Moreover, Petitioner did not allege any of the grounds listed in section 40-30-117(a) that would entitle him to reopen his prior post-conviction proceedings. There is no need for further inquisition. The post-conviction court properly dismissed the petition. Petitioner is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgments of the trial court are affirmed.

_____
TIMOTHY L. EASTER, JUDGE